**Jody MELUGIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–92–01183–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 24, 1995.

W. Troy McKinney, Houston, for appellant.

John B. Holmes, Jr., Mary Lou Keel, Lynne Parsons, Claire Connors, Houston, for appellees.

Before HEDGES, O'CONNOR and DUGGAN[1], JJ.

## OPINION

HEDGES, Justice.

Appellant, Jody Melugin, pled not guilty to the felony offense of possession of a controlled substance (527.3 grams of cocaine) with intent to deliver. The trial court found appellant guilty and assessed punishment at 15–years confinement and a fine of $20,000. In six points of error, appellant complains that the trial court erred in denying his motion to suppress evidence. We reverse and remand.

**Facts**

The evidence presented at the motion to suppress hearing was in the form of sworn affidavits from Officer Furstenfeld, from appellant, and from Brian Chisolm, appellant's traveling companion at the time the cocaine was seized. The evidence is summarized as follows:

All parties agree that on the day of the arrest, appellant and Brian Chisolm arrived at terminal C of Houston Intercontinental Airport by taxi. They disembarked from the taxi and looked around the area. They then proceeded into the terminal and purchased two one-way tickets to New Orleans with cash. They then continued through the security checkpoint to their departure gate.

Officer Furstenfeld, who had been working drug interdiction at Houston Intercontinental Airport for 11 years, approached appellant and Chisolm and identified himself as a police officer. He was dressed in plain clothes. He asked to speak with them and to see their tickets and identification. The names on the tickets matched the tendered driver's licenses. Officer Furstenfeld requested and received permission to search appellant's luggage.

At this point, the testimony diverges. Officer Furstenfeld stated that he informed appellant and Chisolm that they did not have to talk to him or allow him to search their bags. The officer observed that appellant's hand was trembling, he became more and more nervous, and he had difficulty standing still during the interview.

Appellant, in contrast, stated that the officer never told him that he did not have to participate in the interview or consent to the search of his luggage. Appellant admits that he consented to the search of his luggage, which did not reveal any drugs.

Officer Furstenfeld stated that appellant granted his request to conduct a pat-down, while appellant and Chisolm stated that only Chisolm consented to a pat-down. The officer conducted a pat-down of appellant first. At that moment, Chisolm either ran or walked away from the officer and appellant, and no one tried to restrain or capture Chisolm. Appellant claims that he attempted to leave but that Furstenfeld restrained him and continued the pat-down.

Officer Furstenfeld felt "a large rectangular object hidden in the front of [appellant's] pants." The officer "recovered" the object and discovered it to be "a cellophane wrapped bundle containing a white powdery substance." Appellant was then arrested and taken to the first aid room for a strip search, during which another bundle was found inside appellant's pants.

**Standard of review**

The admissibility of evidence generally rests in the sound discretion of the trial judge. *Walton v. State*, 827 S.W.2d 500, 502 (Tex.App.—Houston [1st Dist.] 1992, no pet.); *Nubine v. State*, 721 S.W.2d 430, 432 (Tex.App.—Houston [1st Dist.] 1986, pet. ref'd). An evidentiary ruling will be reversed only for abuse of discretion. *Id.* The trial court is the sole fact finder in a suppression hearing, and may believe all, part, or none of any witness' testimony. *Rumbaugh v. State*, 629 S.W.2d 747, 752 (Tex.Crim.App. 1982); *Taylor v. State*, 604 S.W.2d 175, 177

---

1. The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

(Tex.Crim.App. [Panel Op.] 1980); *Walton,* 827 S.W.2d at 502; *Santos v. State,* 822 S.W.2d 338, 339 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd). The evidence is viewed in the light most favorable to the trial court's ruling in determining whether the trial court abused its discretion in denying the motion to suppress. *Daniels v. State,* 718 S.W.2d 702, 704 (Tex.Crim.App.1986); *Walton,* 827 S.W.2d at 502. Therefore, any finding supported by the record will not be disturbed on appeal. *Green v. State,* 615 S.W.2d 700, 707 (Tex.Crim.App.1980), *cert. denied,* 454 U.S. 952, 102 S.Ct. 490, 70 L.Ed.2d 258 (1981); *Santos,* 822 S.W.2d at 339.

### Investigative Detention

In points of error one and two, appellant contends that the cocaine seized was the product of an illegal detention in violation of the fourth and fourteenth amendments to the United States Constitution and TEX. CONST. art. I, § 9 because the officer did not have reasonable suspicion to stop appellant. We agree.

■ We must first decide at what point, if any, appellant was detained. For the purposes of the United States and the Texas constitutions, a defendant is detained if, from his or her point of view, there has been such a display of official authority that "a reasonable person would have believed he was not free to leave." *Morrow v. State,* 757 S.W.2d 484, 490 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd) (citing *United States v. Mendenhall,* 446 U.S. 544, 554, 100 S.Ct. 1870, 1877, 64 L.Ed.2d 497 (1980)). Not all encounters between individuals and the police implicate constitutional guarantees. *Florida v. Royer,* 460 U.S. 491, 497–98, 103 S.Ct. 1319, 1323–24, 75 L.Ed.2d 229 (1983). "An officer may stop a suspicious individual briefly to determine his/her identity or to maintain the status quo while obtaining further information." *Comer v. State,* 754 S.W.2d 656, 657 (Tex.Crim.App. 1986). A seizure occurs when an officer detains an individual, even briefly, and restrains him from walking away. *Terry v. Ohio,* 392 U.S. 1, 16, 88 S.Ct. 1868, 1877, 20 L.Ed.2d 889 (1968). We find that Officer Furstenfeld's request for permission to

search appellant's luggage constituted a detention. *Holladay v. State,* 805 S.W.2d 464, 472 (Tex.Crim.App.1991).

■ We now must decide whether Officer Furstenfeld had reasonable suspicion to justify the detention. Armed with reasonable suspicion, an officer may stop and briefly question a person, so long as the inquiries are of a legitimate investigatory nature. *Amores v. State,* 816 S.W.2d 407, 412 (Tex. Crim.App.1991). Reasonable suspicion must be based on specific, articulated facts that, in light of the officer's experience and general knowledge, lead him to the reasonable conclusion that the suspect is connected with ongoing criminal activity. *Johnson v. State,* 658 S.W.2d 623, 626 (Tex.Crim.App.1983). A detention based on facts that are as consistent with innocent activity as they are with criminal activity is unlawful. *Hoag v. State,* 728 S.W.2d 375, 379 (Tex.Crim.App.1987).

Officer Furstenfeld based his detention on the following facts:

* Appellant appeared to be nervous.
* He scanned the area with his eyes.
* He paid cash for his airline ticket.
* He carried his baggage onto the airplane.
* He arrived at the departure gate after boarding had commenced.

These facts, taken together and viewed in the light most favorable to the trial court's ruling, are no stronger, and perhaps even weaker, than facts in other cases in which no reasonable suspicion was found. For example, in *Daniels,* 718 S.W.2d at 705, the appellant deplaned separately from his companion but then made surreptitious eye contact; he appeared nervous and looked behind him as he walked down the concourse; and he had arrived on a flight from Miami. The court found these facts insufficient to support reasonable suspicion. The following facts were likewise found insufficient in *Crockett v. State,* 803 S.W.2d 308, 311–12 (Tex.Crim.App. 1991): the suspect was travelling to Chicago; he paid for his ticket in cash; he looked around the train station lobby; he spoke little to his travelling companions; and he became nervous when asked for identification. In *Willis v. State,* 801 S.W.2d 204, 209 (Tex.App.—Houston [14th Dist.] 1990, pet.

ref'd), reasonable suspicion did not flow from the following facts: the appellant appeared nervous before the plane's arrival, during his walk along the concourse, and during his wait at the luggage carousel; he separated from the two young black males he had accompanied from the gate; he lied when he stated that he was picking up the suitcase for a lady who gave him 50 dollars and the claim check in the lobby; he lied when he stated that he was alone; and he was reluctant to allow the police officer access to his bag. Finally, no reasonable suspicion was found to have arisen from the following facts in *Walton*, 827 S.W.2d at 503: the appellant appeared nervous and looked behind him; he grew more nervous when the officers began following him; he sat in front of a playing television for 45 minutes to an hour, but instead of watching it, he looked around the airport; he held his suitcase close to him as he walked; he put his leg over his suitcase as he sat; and he met a Latin American male and started to walk out of the airport.

In the case before us, Officer Furstenfeld discovered no discrepancies when he asked for and was provided appellant's identification and ticket. There was no informant's tip, and appellant was not travelling to or from a known drug source city. We find that there was no reasonable suspicion for Officer Furstenfeld to have detained appellant under these circumstances.

We sustain points of error one and two.

Because of the dispositive nature of this ruling, we need not address appellant's remaining four points of error.

We reverse the judgment and remand the cause.

DUGGAN, J., dissents without opinion.