David Lee **HENDERSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–96–00907–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

March 12, 1998.

Rehearing Overruled May 1, 1998.

---

Douglas Pettit, Houston, for Appellant.

John B. Holmes, Kelly Ann Smith, Houston, for Appellee.

Before SCHNEIDER, C.J., and ANDELL and TAFT, JJ.

## OPINION

SCHNEIDER, Chief Justice.

Appellant, David Lee Henderson, was convicted of possession with intent to deliver a controlled substance weighing at least 400 grams, and the trial court assessed punishment at 20 years confinement. We affirm.

## FACTS

On April 7, 1995, Officer Grif Maxwell of the Houston Police Department was working the airport interdiction detail at Hobby airport. Maxwell, who was dressed in shorts, a t-shirt, and tennis shoes, was working alone. He did not think that he was carrying a weapon. He watched appellant and another man for a while, and then he approached the two men, identified himself as a police officer, and asked if he could speak to them. Both men said yes. He asked them several questions about where they had been and where they were going. He also asked to see their tickets and their identification; the two men complied. Maxwell asked the men whether the two carry-on bags near them were theirs; the men said yes. Maxwell then told the

men that he was a narcotics officer, and he asked the men if he could look in their bags; he told them that they were not obligated to let him look in their bags. Nevertheless, both men said yes. Maxwell found nothing but clothes in the bags.

He then asked the men if he could pat them down. Maxwell testified that appellant and the other man "both just like threw their hands up like, you know, 'Yes. No problem. Search me.'" Appellant did not indicate by word or conduct that he objected to the pat-down. Maxwell found nothing on the first man, but he found a kilo of cocaine in appellant's waistband.

## LAW AND ANALYSIS

In four points of error, appellant contends the trial court erred by overruling his motion to suppress the cocaine. In points one and two, he argues that he was illegally detained in violation of the Fourth Amendment of the United States Constitution and Article I, Section 9 of the Texas Constitution. In points three and four, he argues that he was arrested without probable cause in violation of the Fourth Amendment of the United States Constitution and Article I, Section 9 of the Texas Constitution.

## STANDARD OF REVIEW

■ The resolution of the question of law and fact presented by this case—whether appellant was "detained"—does not "turn on an evaluation of the witnesses' credibility and demeanor." Therefore, we conduct a de novo review of the trial court's decision. *Hunter v. State*, 955 S.W.2d 102, 105 n. 4 (Tex.Crim.App.1997); *Guzman v. State*, 955 S.W.2d 85, 88–89 (Tex.Crim.App.1997).

## DETENTION

Appellant admits that Officer Maxwell was permitted to approach him and ask questions. However, appellant argues that he was illegally detained when Maxwell identified himself as a narcotics officer and asked to search appellant's bag. We disagree.

■ The Court of Criminal Appeals has very recently addressed this issue in a case with almost identical facts. In *Hunter v. State,* the plain clothes police officer ap-proached the defendant in a bus station and asked to look inside his bag. 955 S.W.2d at 103. The officer informed the defendant that he was not required to comply. *Id.* The defendant permitted the search, and the officer discovered cocaine. *Id.* The court stated that the encounter between the officer and the defendant was not a "detention" simply because the officer asked to search the bag. *Id.* at 104.

A police officer's asking questions and requesting consent to search do not alone render an encounter a detention. *Only if the officer conveyed a message that compliance was required* has a consensual encounter become a detention.

*Id.* at 106. Thus, the dispositive issue is whether the officer conveyed to appellant that compliance with his request was required. In determining this issue, the *Hunter* court considered (1) whether the officer was in uniform; (2) whether the officer exhibited a weapon; (3) the number of officers present; (4) whether the officer suggested that he would get a warrant if the defendant did not comply; (5) whether the officer told the defendant he believed the defendant was carrying drugs; and (6) whether the officer told the defendant that compliance was or was not required. *Id.* at 104.

In *Hunter,* the officer was dressed in plainclothes and exhibited no weapon. Although two officers were present, only one questioned the defendant. *Id.* The officer specifically told the defendant that he was not required to comply with the officer's request to search. *Id.* The officer did not suggest that he would get a search warrant if necessary. *Id.* The court held that, under these facts, a reasonable person would have felt free to walk away from the officer. *Id.* Thus, there was no detention. *Id.*

■ In this case, the Officer Maxwell was not in uniform; he was wearing shorts and a t-shirt. He was not carrying a weapon, and he was alone. Officer Maxwell asked to look in appellant's bag, but he told appellant that appellant was not required to allow the search. Officer Maxwell did not mention getting a search warrant. He asked appellant if appellant were carrying drugs, but he

did not affirmatively state that he believed appellant was, in fact, carrying drugs. Most importantly, Officer Maxwell told appellant specifically that compliance with his request was not required. Under *Hunter*, we conclude that this was a consensual encounter, not a detention.

We overrule points of error one and two.

**PROBABLE CAUSE**

 Appellant argues that the "illegal detention" became an arrest without probable cause when the officer asked appellant if he could pat him down. We disagree. Not only was the pat-down not an arrest, it was not even a detention. Officer Maxwell again asked for appellant's consent to the pat-down and told appellant that he was not obligated to comply. Nevertheless, appellant held out his arms in a show of consent. He never voiced any objection to the pat-down. Under the same reasoning used in points of error one and two, we hold that the pat-down was a consensual encounter, not a detention. No probable cause is necessary for a consent search. *See Schneckloth v. Bustamonte*, 412 U.S. 218, 248–50, 93 S.Ct. 2041, 2059, 36 L.Ed.2d 854 (1973).

We overrule points of error three and four.

We affirm the judgment.

ANDELL, J., dissenting.

ANDELL, Justice, dissenting.

I respectfully dissent.

I do not read *Hunter v. State*, 955 S.W.2d 102 (Tex.Crim.App.1997) as broadly as my colleagues. I find *Hunter* distinguishable and would limit it to its particular facts.

In *Hunter*, a plain clothes police officer approached the defendant in a bus station and, after asking for the defendant's ticket and identification, asked to look inside the *defendant's bag*. He told the defendant that compliance was not required; the defendant complied anyway. *Id.* at 103. The Court of Criminal Appeals held that the officer's actions did not constitute a "detention" because a reasonable person would have felt free to walk away from the officer at any time during the encounter. *Id.* at 104–105.

This case is quite different from *Hunter* because first the officer requested and received consent to search appellant's bag. Then, after the search of appellant's bag turned up empty, the officer asked for permission to perform a pat-down search of appellant. It is one thing to stop and request to search one's bags. However, it is quite another to "request" a person to be subjected to touching by a police officer, without more. By its very nature, a pat-down search is more invasive of appellant's rights than is a search of appellant's bags.

At the point of the second request, I do not believe that a reasonable person would have felt free to leave once the officer "requested" permission to perform such a personal search. Therefore, I would not extend *Hunter*, without more, to apply to pat-down searches of a person's body. I would hold that appellant was "detained" when the officer asked appellant for permission to perform the pat-down search.

Accordingly, I would grant points of error one and two and reverse and remand the case.