Jody MELUGIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–92–01183–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

April 15, 1999.

W. Troy McKinney, Houston, for Appellant.

John B. Holmes, Carol M. Cameron, Houston, for Appellee.

Panel consists of Justices HEDGES, NUCHIA, and PRICE.*

## OPINION ON REHEARING

ADELE HEDGES, Justice.

On this day, the Court considered appellant's motion for rehearing. The motion for rehearing is denied. However, we withdraw our opinion on remand of March 4, 1999, and issue this opinion in its stead. The judgment dated March 4, 1999 remains unchanged.

The trial court found appellant, Jody Melugin, guilty of felony possession of a controlled substance with intent to deliver and sentenced him to 15–years confinement and a $20,000 fine. On appeal, appellant contended that the trial court erred in denying his motion to suppress evidence. Agreeing with appellant's points of error one and two that he was illegally detained without reasonable suspicion, we reversed and remanded the cause.[1] The Court of Criminal Appeals vacated the judgment and remanded the case to this Court to reconsider appellant's points of error in light of *Hunter v. State*, 955 S.W.2d 102 (Tex.Crim.App.1997). Applying *Hunter*, we affirm the judgment of the trial court.

## BACKGROUND

The evidence presented at the motion to suppress hearing was in the form of sworn affidavits from Officer D.D. Furstenfeld of the Houston Police Department, from appellant, and from Brian Chisolm, appellant's traveling companion at the time the cocaine was seized. The evidence is summarized as follows:

All parties agree that on the day of the arrest, appellant and Brian Chisolm arrived at terminal C of Houston Intercontinental Airport by taxi. They disembarked from the taxi and looked around the area. They then proceeded into the terminal and purchased two one-way tickets to New Orleans with cash. They continued through the security checkpoint to their departure gate.

Officer Furstenfeld, who had been working drug interdiction at Houston Intercontinental Airport for 11 years, approached appellant and Chisolm and identified himself as a police officer. He was dressed in plain clothes. He asked to speak with them and to see their tickets and identification. The names on the tickets matched the tendered driver's licenses. Officer Furstenfeld requested and received permission to search appellant's luggage.

At this point, the testimony diverges. Officer Furstenfeld stated that he informed appellant and Chisolm that they did not have to talk to him or allow him to search their bags. The officer observed that appellant's hand was trembling, he became more and more nervous, and he had difficulty standing still during the interview.

Appellant, in contrast, stated that the officer never told him that he did not have to participate in the interview or consent to the search of his luggage. Appellant admits that he consented to the search of his luggage, which did not reveal any drugs.

Officer Furstenfeld stated that appellant granted his request to conduct a pat-down, while appellant and Chisolm stated that only Chisolm consented to a pat-down. The officer conducted a pat-down of appellant first. At that moment, Chisolm either ran or walked away from the officer and appellant, and no one tried to restrain or capture him.

---

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. *Melugin v. State*, 908 S.W.2d 12 (Tex.App.—Houston [1st Dist.] 1995), *vacated*, 956 S.W.2d 43 (Tex.Crim.App.1997).

Appellant claims that he attempted to leave but that Furstenfeld restrained him and continued the pat-down.

Officer Furstenfeld felt "a large rectangular object hidden in the front of [appellant's] pants." The officer "recovered" the object and discovered it to be "a cellophane wrapped bundle containing a white powdery substance." Appellant was then arrested and taken to the first aid room for a strip search, during which another bundle was found inside his pants.

## MOTION TO SUPPRESS

In six points of error, appellant contends that the trial court erred in overruling his motion to suppress.

### Standard of Review

■■■ We review de novo a trial court's ruling on a motion to suppress that involves mixed questions of law and fact. *Guzman v. State,* 955 S.W.2d 85, 89 (Tex.Crim.App. 1997). Where the resolution of mixed questions of law and fact turns on an evaluation of credibility and demeanor, we review the facts in the light most favorable to the trial court's ruling. *Id.*

### Detention and Arrest

■■ In points of error one and two, appellant contends that he was illegally seized without reasonable suspicion in violation of the Fourth and Fourteenth Amendments to the United States Constitution and Article I, Section 9 of the Texas Constitution. Alternatively, appellant argues that, even if the initial stop was legal, the continued detention and subsequent pat-down was illegal because it amounted to an arrest without probable cause. Specifically, in points three and four, appellant contends that continued detention and pat-down violated the Fourth and Fourteenth Amendments to the United States Constitution and Article I, Section 9 of the Texas Constitution. Under all four points, appellant maintains that the cocaine was illegally obtained and should have been suppressed.

■■■ Not every encounter between the police and citizens implicates the Fourth Amendment. *Hunter v. State,* 955 S.W.2d 102, 104 (Tex.Crim.App.1997) (citing *Florida v. Bostick,* 501 U.S. 429, 434, 111 S.Ct. 2382, 2386, 115 L.Ed.2d 389 (1991)). The encounter should be considered consensual as "long as a reasonable person would feel free 'to disregard the police and go about his business.'" *Hunter,* 955 S.W.2d at 104 (quoting *Bostick,* 501 U.S. at 434, 111 S.Ct. at 2386). In *Hunter,* the Court of Criminal Appeals stated that "[a] police officer's asking questions and requesting consent to search do not alone render an encounter a detention." 955 S.W.2d at 106. Only when an officer conveys a message that compliance is required does a consensual encounter become a detention. *Id.*

In *Hunter,* the court considered several factors in determining if the officer conveyed a message that compliance was required. The factors the court considered are the following: (1) whether the officer was in uniform; (2) whether the officer exhibited a weapon; (3) the number of officers present; (4) whether the officer suggested that he would get a warrant if the defendant did not comply; (5) whether the officer told the defendant he believed the defendant was carrying drugs; and (6) whether the officer told the defendant that compliance was or was not required. *Id.* at 104.

After the *Hunter* opinion, this Court decided a case with almost identical facts to the present case. *Henderson v. State,* 965 S.W.2d 710 (Tex.App.—Houston [1st Dist.] 1998, pet. ref'd). In *Henderson,* this Court stated that the dispositive issue is whether the officer conveys a message that compliance with his request is required. *Id.* at 712. In evaluating the facts under the *Hunter* factors to determine whether a detention had occurred, the evidence in *Henderson* showed that the arresting officer was not in uniform, but was wearing shorts and a t-shirt. He was not carrying a weapon, and he was alone. The officer asked to look in the defendant's bag, but he informed the defendant that he was not required to permit the search. The officer did not mention getting a search warrant. The officer asked the defendant if he was transporting drugs, but he did not affirmatively state that he believed the defendant was carrying drugs. The officer told the

defendant specifically that compliance with his request was not required. The officer then asked if he could conduct a pat-down. The officer asked for the defendant's consent and told him he was not required to comply. The officer stated that the defendant held out his arms in a show of consent. The defendant never voiced any objection. We held that these facts amounted to a consensual encounter and not a detention or arrest. *Id.* at 712–13.

In the present case, Officer Furstenfeld was dressed in plain clothes, was working alone, and never displayed a weapon. He identified himself as a police officer and asked appellant and Chisolm if they would agree to speak with him. In a conversational tone, he asked them if he could see their driver's licenses and plane tickets. They agreed to speak with him and gave him their tickets. After inspecting the tickets, he returned them. He asked if they were carrying narcotics, but never stated that he thought they were carrying narcotics. They did not object to the questioning and replied that they were not carrying narcotics. He never made a statement about obtaining a search warrant. He asked to search their bags and was given permission. Furstenfeld stated that he told appellant that he did not have to talk or allow the search of the bags, although, appellant stated that he was never informed that he did not have to comply. Furstenfeld searched the bags and found no narcotics. After the search of the bags, Furstenfeld stated that appellant consented to the pat-down search. Appellant and Chisolm maintain that only Chisolm consented to a pat-down search. Furstenfeld stated that he informed appellant that compliance with his pat-down request was not required. During the pat-down, appellant did not object. Appellant was arrested only after Furstenfeld discovered that he was in possession of narcotics. Like the officer's actions in *Henderson,* Furstenfeld's actions did not convey a message that compliance was required.

In light of *Hunter* and *Henderson,* we find that this was a consensual encounter and not a detention, and that appellant was not arrested until the time that the narcotics were discovered.

We overrule points of error one, two, three, and four.

**Scope of Consent**

■ In points of error five and six, appellant contends that the Fourth and Fourteenth Amendments to the United States Constitution and Article I, Section 9 of the Texas Constitution were violated because the cocaine was seized as a result of a pat-down search that exceeded the scope of appellant's consent. Appellant contends that his limited consent to a pat-down search did not include consent to a search of the exterior of the front of his pants in a crowded, public airport boarding area.

■ The State argues that appellant waived this argument because he did not present this argument to the trial court. However, appellant's presentation of this argument to the trial court in his brief in support of his motion to suppress was sufficient to preserve the complaint. *Taylor v. State,* 863 S.W.2d 737, 738 (Tex.Crim.App. 1993).

■ "The standard for measuring the scope of a suspect's consent under the Fourth Amendment is that of objective reasonableness—what would the typical reasonable person have understood by the exchange between the officer and the suspect?" *Florida v. Jimeno,* 500 U.S. 248, 251, 111 S.Ct. 1801, 1803–04, 114 L.Ed.2d 297 (1991). In *Morrow v. State,* the police stopped the defendant as he was leaving the airport with a suitcase as to which a dog had detected narcotics. 757 S.W.2d 484, 487 (Tex.App.— Houston [1st Dist.] 1988, pet. ref'd). The officer asked for the defendant's identification and asked if there was any reason why the dog would have alerted on the suitcase. *Id.* at 491. When the officer asked to open the bag the defendant answered, "Sure, go ahead and look." *Id.* at 491–92. The officer opened the suitcase as well as the packages inside it and discovered cocaine in the packages. *Id.* at 487. On appeal, the defendant claimed that the search of the packages inside the bag exceeded the scope of his consent. *Id.* at 491. Based on these facts, this Court held that "the [defendant's] consent to the search of the entire contents of the suit-

case could reasonably be inferred." *Id.* at 492.

In the present case, Furstenfeld informed appellant that he was a police officer. He asked for appellant's identification and plane tickets. Furstenfeld asked appellant if he was carrying drugs. He asked for consent to search appellant's bags, and appellant agreed to the search. Although appellant disputes whether he consented to a pat-down, Furstenfeld stated that appellant consented to the pat-down search. During the pat-down search, Furstenfeld felt a "large rectangular object hidden in the front of [appellant's] pants." Furstenfeld discovered that the object was drugs. Based on these facts, a reasonable person would have understood that the consent to a pat-down extended to the examination of items on the person that might contain drugs. Therefore, we conclude that the officer did not exceed the scope of appellant's consent in conducting the pat-down search.

We overrule points of error five and six.

We affirm the judgment of the trial court.