11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Cody Brandon Huffman

Appellant

Vs.                   No.
11-01-00197-CR B Appeal from Brown County

State of Texas

Appellee

 

Appellant
was charged with possession of marihuana in the amount of less than five pounds
but more than four ounces.  After his
motion to suppress was denied, appellant entered into a plea bargain with the
State.  The trial court sentenced
appellant to two years in a state jail facility, probated for a term of five
years, and a fine of $1,000.  Appellant
argues that the trial court abused its discretion in failing to suppress
evidence obtained by an illegal search, an illegal pat-down, and a custodial
interrogation before he received the Miranda[1]
warnings.  We affirm.

Motion
to Suppress Hearing








The trial
court held a pretrial hearing on appellant=s motion to suppress. 
Department of Public Safety Highway Patrol Trooper Tyler Harpole
testified that he stopped appellant for failure to display a front license
plate on his vehicle.  Upon speaking
with appellant, Trooper Harpole detected the odor of alcohol coming from the
car.  He later noticed open bottles of
beer that had spilled in the back seat. 
He observed that appellant had a Texas State Troopers Association
sticker on the front windshield. 
Trooper Harpole testified that officers are taught at drug interdiction
school that a person involved in criminal activity at times will place a
sticker of that type on their car to lead officers to believe that they support
law enforcement.  He also noted
appellant=s apparent nervousness and stammering
speech.  Trooper Harpole asked appellant
why he was in Brownwood, and appellant said that he was there to see Justin
Jones.  Trooper Harpole testified that
this aroused his suspicions further because Jones was someone  known to engage in criminal activity.  According to Trooper Harpole, appellant said
that he had loaned money to Jones for Jones to hire a lawyer and that appellant
had come to collect his money from Jones.

Trooper
Harpole said that he then asked appellant for consent to search appellant=s vehicle. 
Appellant initially asked Trooper Harpole why he wanted to search
appellant=s vehicle, and Trooper Harpole informed
appellant that there were problems in the area with people having illegal
contraband in their vehicles.  Trooper
Harpole told appellant that the search would not take long, and appellant
verbally consented to the search.  Prior
to searching the vehicle, Trooper Harpole wanted to do a pat-down search for
safety.  He asked appellant if he could
check appellant=s pockets. 
Appellant agreed to the request, and Trooper Harpole performed a pat-down
of appellant=s outer clothing.  Trooper Harpole felt what he believed was a pipe in appellant=s front pocket.  Appellant pulled out a pipe which he confirmed was for smoking
marihuana.  Appellant told Trooper
Harpole that he had a quantity of Valium in the console of the car, which
Trooper Harpole retrieved.  Trooper
Harpole then read the Miranda warnings to appellant, continued the
search of the car, and found six individually sealed plastic bags of
marihuana.  Trooper Harpole testified
that, after he found the marihuana, appellant said, AYou got me again.@

At the
suppression hearing, appellant testified that, when Trooper Harpole asked for
consent to search his car, he told Trooper Harpole Ano, we=re in a hurry.@  After listening to the videotape again,
appellant admitted that the Ano@ could not be heard, only Awe=re in a hurry.@  Appellant further testified that he never
consented to the pat-down search of his person.  At first, appellant said that he thought that Trooper Harpole
told him to put his arms out, but then appellant admitted that he Acould be mistaken@ about Trooper Harpole telling him to put his
arms out before the pat-down. 

Standard
of Review








     In reviewing a trial court's ruling on a
motion to suppress, appellate courts must give great deference to the trial
court's findings of historical facts as long as the record supports the
findings.  Guzman v. State, 955 S.W.2d
85 (Tex.Cr.App.1997).  We must afford
the same amount of deference to the trial court=s rulings on Amixed
questions of law and fact,@ such as the issue of probable cause, if the resolution of those
ultimate questions turns on an evaluation of credibility and demeanor.  Guzman v. State, supra at 89.  Appellate courts, however, review de novo Amixed questions of law and fact@ not falling within the previous
category.   Guzman v. State, supra.  When faced with a mixed question of law and
fact, the critical question under Guzman is whether the ruling
"turns" on an evaluation of credibility and demeanor.  Loserth v. State, 963 S.W.2d 770, 773
(Tex.Cr.App.1998).  A question
"turns" on an evaluation of credibility and demeanor when the testimony
of one or more witnesses, if believed, is enough to decide the substantive
issue.  Loserth v. State, supra.  We must view the record in the light most
favorable to the trial court=s ruling and sustain the trial court=s ruling if it is reasonably correct on any theory of law applicable to
the case.  Guzman v. State, supra.

Analysis

In his
first issue, appellant argues that he did not consent to the search of his
vehicle; therefore, the search violated appellant=s rights under the Fourth Amendment to the United States Constitution;
Article I, Section 9 of the Texas Constitution; and TEX. CODE CRIM. PRO. ANN.
art. 1.06 (Vernon 1977).  A person may
waive his or her right to be free from a warrantless search by intelligently,
knowingly, and voluntarily consenting to the search.  Schneckloth v. Bustamonte, 412 U.S. 218 (1973).  The State, however, must prove by clear and
convincing evidence that consent was freely and voluntarily given.  Johnson v. State, 803 S.W.2d 272, 286-87
(Tex.Cr.App.1990), cert. den=d, 501 U.S. 1259 (1991); Meeks v. State, 692 S.W.2d 504
(Tex.Cr.App.1985).

The State
introduced a videotape of the traffic stop. 
Appellant argued to the trial court, and argues here, that the tape
contains no audible words of consent by appellant or shows any motions by
appellant to indicate consent.  The
quality of the videotape is not sufficient for us to determine every word that
was said during the traffic stop. 
Therefore, we must defer to the trial court=s evaluation of the witnesses= credibility and demeanor during the motion
to suppress hearing.  Trooper Harpole
and appellant gave conflicting testimony about the consent to search appellant=s vehicle. 
Trooper Harpole testified that appellant gave him verbal consent to
search his vehicle.  The trial court was
free to reject appellant=s testimony that he did not give consent. Because we give almost total
deference to the trial court=s determination of historical facts based on an evaluation of
credibility and demeanor, we find that the record supports the trial court=s finding that appellant did give consent to
search his vehicle.  Appellant=s first issue is overruled.








In his
second issue, appellant contends that the trial court abused its discretion
when it failed to suppress all evidence obtained as a result of the illegal
pat-down conducted by Trooper Harpole. 
If an officer reasonably believes, based on specific and articulable
facts and not mere unparticularized suspicion, that he or she is dealing with a
person who may be armed and dangerous, the officer may conduct a brief pat-down
frisk of the person=s
outer clothing to discover weapons. 
Terry v. Ohio, 392 U.S. 1 (1968). 
Here, however, Trooper Harpole testified that he did not have any reason
to believe that appellant might be armed and dangerous.  Thus, the question is whether appellant
consented to the pat-down.

Trooper
Harpole testified that he interpreted appellant=s nonverbal gesture of holding out his arms as consent to the
pat-down.  Non-verbal gestures or behavior
may indicate consent.  See Henderson v.
State, 965 S.W.2d 710, 713 (Tex.App. B Houston [1st Dist.] 1998, pet=n ref=d); State v. Kurth, 981 S.W.2d 410, 414-15
(Tex.App. B San Antonio 1998, no pet=n). 
Again, we defer to the trial court=s determination that Trooper Harpole obtained appellant=s verbal consent to search his person before
Trooper Harpole turned his back on appellant to search the car.  During the pat-down, Trooper Harpole felt a
bulge in appellant=s
pocket.  He then asked appellant to empty
his pockets.  Trooper Harpole testified
that he Anoticed something silver come out@ when appellant pulled out his pockets and
that the silver item turned out to be a pipe about two inches long.  Trooper Harpole testified that he believed
that the bulge could possibly be some type of pipe.  When appellant=s counsel tried to confirm that Trooper Harpole knew that the bulge was
not a weapon, Trooper Harpole answered AIt could have been, yes, sir.  I
mean, yes, sir.@  We
find that appellant consented to the pat-down and that Trooper Harpole was
justified in determining that the bulge was not a small weapon.  Trooper Harpole=s finding of the pipe came within the plain
feel doctrine.  Carmouche v. State, 10
S.W.3d 323, 330-31 (Tex.Cr.App.2000). 
Appellant=s second issue is overruled.








In his
third and final issue, appellant contends that the trial court abused its
discretion when it failed to suppress all evidence obtained as a result of
Trooper Harpole=s custodial interrogation because he did not
first read appellant the Miranda warnings.  After Trooper Harpole obtained the pipe from appellant=s pocket, he asked appellant Aif there was anything else in the vehicle?@ 
Appellant replied that there was a small amount of Valium in the console
of the vehicle.  Appellant argues that,
by demanding information as to what other contraband Trooper Harpole was going
to find in the vehicle, Trooper Harpole subjected appellant to a custodial
interrogation in the absence of appropriate warnings.  Miranda v. Arizona, supra. 
However, appellant had already consented to the search of his vehicle
prior to Trooper Harpole=s question.  Trooper Harpole
testified that appellant at no time withdrew his consent to search his
vehicle.  Appellant=s third and final issue is overruled.

This
Court=s Ruling

The judgment of the trial
court is affirmed. 

 

TERRY McCALL

JUSTICE

June 27, 2002

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and 

Wright, J., and McCall, J.











[1]Miranda v. Arizona, 384 U.S. 436 (1966).