**Gary FARRELL, Plaintiff/Appellant,**

v.

**ST. LOUIS COUNTY,
Defendant/Respondent.**

**No. ED 86646.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 21, 2006.

Application for Transfer to Supreme Court
Denied April 12, 2006.

Application for Transfer Denied
May 30, 2006.

Robert Melvin Miller, High Ridge, MO, for appellant.

Carl William Becker, Clayton, MO, for respondent.

SHERRI B. SULLIVAN, J.

*Introduction*

Gary Farrell (Farrell) appeals from a trial court judgment dismissing with prejudice his cause of action in tort for personal injury damages against St. Louis County (County). The trial court based its dismissal on sovereign immunity under Section 537.600.[1] We affirm.

*Factual and Procedural Background*

In his Petition, Farrell alleged the following. Farrell was an inmate at the County jail. While Farrell was working as a staff person in the kitchen, another (unidentified) kitchen staff inmate was stacking dining tables in the dining area near Farrell and that said inmate was thus an employee of County within the meaning of Section 537.600.1. Said County's employee negligently inverted a dining table and slid the table across the top of a standing table toward a seated (unidentified) inmate at a high rate of speed and thus the sliding table was not reasonably safe for the seated inmate. Farrell attempted to stop the sliding table from hitting the seated inmate by extending his right arm and grabbing the sliding table with his right hand. When Farrell grabbed the sliding table,

---

1. All statutory references are to RSMo 2000,      unless otherwise indicated.

the force of the sliding table injured his right shoulder. The sliding table created a reasonably foreseeable risk of harm of the kind of injury sustained by Farrell. As a direct result of the negligence of County's employee, Farrell sustained injuries and damages.

County filed a motion to dismiss Farrell's cause of action for failure to state a claim upon which relief can be granted in that County is entitled to sovereign immunity under Section 537.600 and no waiver or exception to sovereign immunity exists. The trial court sustained County's motion to dismiss and dismissed with prejudice Farrell's cause of action. Farrell appeals from the judgment.

*Standard of Review*

We will reverse the trial court's dismissal of a pleading for failure to state a claim upon which relief can be granted if after viewing the pleading in its broadest intendment, the allegations invoke principles of substantive law that may entitle the plaintiff to relief. *Tillison v. Boyer,* 939 S.W.2d 471, 472 (Mo.App. E.D.1996). We treat the facts alleged in the pleading as true and construe all allegations liberally and favorably to the plaintiff. *Id.*

*Discussion*

In his point on appeal, Farrell argues that the trial court erred in dismissing his cause of action with prejudice because County was not entitled to sovereign immunity under Section 537.600 in that Farrell alleged sufficient facts in his Petition to show that the "dangerous condition" exception to sovereign immunity applied.

█ Under Section 537.600.1, a public entity is immune from liability and suit for compensatory damages for negligent acts or omissions except when expressly waived for injuries caused by the condition of a public entity's property. To state a claim

for relief under the dangerous condition exception to sovereign immunity, a plaintiff must establish (1) a dangerous condition of the property; (2) that the injury directly resulted from the dangerous condition; (3) that the dangerous condition created a reasonably foreseeable risk of harm of the kind which was incurred; and (4) that a public employee negligently created the condition or that the public entity had actual or constructive notice of the dangerous condition. Section 537.600.1(2); *Necker by Necker v. City of Bridgeton,* 938 S.W.2d 651, 654 (Mo.App. E.D.1997). The statutory provisions that waive a public entity's sovereign immunity must be strictly construed. *Id.*

█ In the Statement of Facts section of his brief, Farrell states that he alleged in his Petition "that the sliding table was a dangerous condition which created a reasonably foreseeable risk of harm" and that County's employee "negligently created the dangerous condition caused by the sliding table." However, a review of Farrell's Petition reveals that Farrell never actually alleged that the sliding table was a "dangerous condition." Farrell did not allege facts that would establish that the table's condition was dangerous because its existence, without intervention by third parties, posed a physical threat to Farrell. *Cf. Alexander v. State,* 756 S.W.2d 539, 542 (Mo. banc 1988) (the placement of a folding room partition at the foot of a ladder from which the plaintiff descended posed a physical threat to the plaintiff, without intervention by third parties, and thus its existence created a physical deficiency in the state's property and constituted a dangerous condition); *but see State ex rel. St. Louis State Hosp. v. Dowd,* 908 S.W.2d 738, 740 (Mo.App. E.D.1995) (a paper shredder by itself was not a threat to the plaintiff but only became a threat when a third party pushed buttons activating it,

and thus its existence did not constitute a dangerous condition). The sliding of the table did not create a deficiency in the table (the property) that constituted a dangerous condition. *Cf. Jones v. St. Louis Hous. Auth.,* 726 S.W.2d 766, 774 (Mo.App. E.D.1987) (public entity responsible for maintenance of grounds and failure to remove debris from lawn created a physical deficiency in the grounds and consequently created a dangerous condition that directly caused an injury to a boy when flying debris from a lawn mower being used on property hit him). County did not permit a physical deficiency in the table that created a dangerous condition.

Because the facts alleged in Farrell's Petition fail to establish a dangerous condition of County's property, Farrell has failed to state a claim for relief under the dangerous condition exception to sovereign immunity, and accordingly, the trial court did not err in dismissing his cause of action with prejudice. Farrell's point on appeal is denied.

### Conclusion

The judgment of the trial court is affirmed.

NANNETTE A. BAKER, P.J., and ROBERT G. DOWD, JR., J., concur.