Opinion issued October 18, 2007



















In The

Court of Appeals

For The

First District of Texas






NOS. 01-05-00996-CR

 01-05-00997-CR






ANTWAUNE LEONTE FISHER, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 232nd District Court

Harris County, Texas

Trial Court Cause Nos. 1010038 & 1013651






MEMORANDUM OPINION


 Appellant, Antwaune Leonte Fisher, pleaded guilty to the offenses of
possession of marihuana (more than 50 and less than 2000 pounds) (1) and possession
of at least 400 grams of cocaine with intent to deliver. (2) Pursuant to a plea agreement,
appellant was sentenced to 20 years in prison. Appellant contends that the trial court
erred in denying his motion to suppress because the State's evidence was the product
of an illegal arrest and search. We affirm.

Facts

 On December 10, 2004, appellant was aboard a bus en route from Corpus
Christi to Chicago. When the bus stopped at a transfer terminal in Houston, Officers
Sienz and Ordaz of the Houston Police Department boarded it as part of a "drug
interdiction," an operation conducted to detect and arrest drug couriers. The officers,
in plainclothes with their sidearms concealed, asked the bus driver for permission
before they boarded. Once on the bus, the officers walked to the back, looking along
the way for any suspicious passengers. They noticed appellant appeared very nervous
and was sweating despite wearing only a T-shirt in December. Officer Sienz
approached appellant and identified himself as a police officer, saying he "just
[needed] to talk to [appellant] for a second." After finding out where appellant was
going, Sienz asked to see his ticket. The ticket was one-way and paid for in cash, and
had two bag-check tags attached to it. Sienz asked for identification, and appellant
produced a Michigan driver's license with a different name from the one on the ticket. 

 Sienz asked appellant if he had any luggage. Appellant pointed to a duffle bag
on the seat to his left and said he had bags under the bus as well. When Sienz
explained the drug interdiction and asked if appellant had any narcotics on his person,
appellant reached into the side pocket of the duffle bag, pulled out a Swisher Sweets
cigar box, and said that it contained a "blunt," or marihuana cigar. Sienz then asked
appellant if he minded subjecting his luggage to a search, and appellant handed him
the duffel bag. After Officer Ordaz searched the bag and found small bags of
marihuana and cocaine, Sienz, Ordaz, and two other officers retrieved and searched
appellant's checked bags and found more cocaine and marihuana.

 Appellant moved to suppress the evidence discovered by the officers on the
grounds that he was unconstitutionally detained and that his luggage was illegally
searched. After a hearing at which Officer Sienz testified, the trial court denied
appellant's motion. Appellant then pleaded guilty to possession of marihuana (more
than 50 and less than 2000 pounds) and possession of at least 400 grams of cocaine
with intent to deliver. This appeal followed.


 

Motion to Suppress


Standard of Review

 We review a trial court's denial of a motion to suppress evidence for an abuse
of discretion. See Oles v. State, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999); Garza
v. State, 137 S.W.3d 878, 882 (Tex. App.--Houston [1st Dist.] 2004, pet. ref'd). A
trial court abuses its discretion when it acts without reference to any guiding rules or
principles by acting arbitrarily or unreasonably. See Montgomery v. State, 810
S.W.2d 372, 380 (Tex. Crim. App. 1990); Galliford v. State, 101 S.W.3d 600, 604
(Tex. App.--Houston [1st Dist.] 2003, pet. ref'd). With regard to the ruling on a
motion to suppress, we give almost total deference to the trial court's determination
of historical facts while reviewing de novo the trial court's application of the law to
those facts. See Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000);
State v. Stone, 137 S.W.3d 167, 174 (Tex. App.--Houston [1st Dist.] 2004, pet.
ref'd). If the trial court's decision is correct on any theory of law applicable to the
case, it will be sustained, even if that theory is not given as the reason for the trial
court's decision. See State v. Ross, 32 S.W.3d 853, 855-56 (Tex. Crim. App. 2000);
Rauscher v. State, 129 S.W.3d 714, 718 (Tex. App.--Houston [1st Dist.] 2004, pet.
ref'd). 


Unconstitutional Arrest In his first point of error, appellant argues that the trial court erred in denying
his motion to suppress because the evidence was the result of an illegal, warrantless
arrest and search and seizure. Appellant contends that he was illegally detained and 
was involuntarily coerced into consenting to produce the "blunt."

 Both the Texas and United States Constitutions permit police officers randomly
to approach bus passengers to ask questions and request consent to searches, even if
the officers do not advise the passengers of their right not to cooperate, so long as a
reasonable person would feel free to decline the officers' requests or otherwise
terminate the encounter. See United States v. Drayton, 536 U.S. 194, 202, 206-07,
122 S. Ct. 2105, 2111, 2113-14 (2002); State v. Velasquez, 994 S.W.2d 676, 679
(Tex. Crim. App. 1999). In determining whether a reasonable bus passenger would
feel free to terminate an encounter such as the one between appellant and Officers
Sienz and Ordaz, courts examine all of the surrounding circumstances. See Drayton,
536 U.S. at 201, 122 S. Ct. at 2111; Velasquez, 994 S.W.2d at 679. Although courts
differ regarding which elements should be highlighted and to what extent, this Court
has found the following factors particularly important: (1) whether the officer was in
uniform, (2) whether the officer exhibited a weapon, (3) the number of officers
present, (4) whether the officer suggested that he would get a warrant if the defendant
did not comply, (5) whether the officer told the defendant he believed the defendant
was carrying drugs, and (6) whether the officer told the defendant that compliance
was or was not required. See Henderson v. State, 965 S.W.2d 710, 712 (Tex.
App.--Houston [1st Dist.] 1998, pet. ref'd) (citing Hunter v. State, 955 S.W.2d 102,
104 (Tex. Crim. App. 1997)).

 In the instant cause, appellant was confronted by only two unarmed
plainclothes officers. The officers were not behaving in a forceful or belligerent
manner; they did not block the exit or threaten or browbeat the appellant or anyone
else on the bus. In fact, the officers appeared so benign that appellant initially offered
Officer Sienz the seat next to him, thinking the officer was a fellow passenger. 
Officer Sienz identified himself immediately, but at no point during the conversation
did he indicate--despite appellant's evasiveness and obvious nervousness--that
appellant was a suspect or that appellant's belongings would be subject to a search
warrant if he did not cooperate or even that appellant had to answer the officers'
questions. Only after the officers asked appellant if he had any narcotics on his
person or in his luggage and appellant produced the marihuana cigar in response did
the officers ask to search appellant's luggage, and the officers' request was not
couched in intimidating terms. See Drayton, 536 U.S. at 199, 122 S. Ct. at 2109-10
(officer asking, "Do you mind if I check your person?" helped characterize encounter
as cooperative rather than coercive or confrontational and suggested that consent was
voluntary). It is of no consequence that, at the time of their request, the officers
considered appellant likely to be a drug courier; only their conduct matters. See
United States v. Mendenhall, 446 U.S. 544, 554 n.6, 100 S. Ct. 1870, 1877 n.6 (1980)
("[T]he subjective intention of the DEA agent in this case to detain the respondent,
had she attempted to leave, is irrelevant except insofar as that may have been
conveyed to the respondent."). Appellant complains that "he was not allowed to
retain his travel ticket for the continuing journey." However, the record supports the
finding that appellant consented to the encounter with the officers, and accordingly,
the arrest was constitutional. We overrule appellant's first point of error.

Illegal Inventory Search

 In his second point of error, appellant argues that the trial court erred in
denying the motion to suppress because the inventory search of the luggage in the bus
storage compartment was illegal and not incident to appellant's warrantless arrest. 
The State responds that appellant consented to the search of those bags. 

 Voluntary consent to search is a well-established exception to the warrant and
probable cause requirements of the Fourth Amendment to the United States
Constitution. Montanez v. State, 195 S.W.3d 101, 105 (Tex. Crim. App. 2006). The
validity of a consent to search is a question of fact to be determined from all the
circumstances. Rayford v. State, 125 S.W.3d 521, 528 (Tex. Crim. App. 2003). The
federal constitution requires the State to prove the validity of consent by a
preponderance of evidence, while the Texas Constitution requires the State to prove
by clear and convincing evidence that consent was valid. Id. At a suppression
hearing, the trial judge is the sole and exclusive trier of fact and judge of the
credibility of the witnesses and their testimony. Id. Accordingly, the judge may
believe or disbelieve all or part of a witness's testimony, even if that testimony is not
controverted. State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). In
reviewing a trial court's ruling on a motion to suppress, we give almost total
deference to a trial court's determination of historical facts, and we review de novo
the trial court's application of the law. Rayford, 125 S.W.3d at 528.

 An individual's consent to a search is generally limited to its expressed object. 
See Florida v. Jimeno, 500 U.S. 248, 251, 111 S. Ct. 1801, 1804 (1991); May v. State,
582 S.W.2d 848, 851 (Tex. Crim. App. 1979). The proper standard for determining
the scope of consent is that of "objective reasonableness," which is defined as what
the typical reasonable person would have understood by the exchange between the
officer and the individual. See Jimeno, 500 U.S. at 251, 111 S. Ct. at 1803-04;
Martinez v. State, 29 S.W.3d 609, 613 (Tex. App.--Houston [1st Dist.] 2000, pet.
ref'd). When describing the exchange, Officer Sienz testified that he asked appellant
for permission to search appellant's "luggage":

 State: When you asked--and you used that term can I search your
luggage? 


 Sienz: Luggage.


 State: Okay. And he gave you consent to search his luggage?


 Sienz: That's correct.


 Trial court: Well, he handed you the duffle bag, right?


 Sienz: Yes, ma'am.


 Trial court: Did he say anything else when you said can
we search your luggage?


 Sienz: No, ma'am.


 State: At this point he had already admitted to you that he
had additional luggage underneath the bus?


 Sienz: Correct.


 State: Okay. And when you had asked permission to
search his luggage were you referring to those bags
as well?


 Sienz: Right. Any luggage that he has, any luggage that he had,
any luggage that he's traveling with.


 Appellant knew at the time of the request that the officers were aware of the
two bags stored beneath the bus, but he did not limit the scope of his consent to the
bag he brought onto the bus with him, despite the officers' use of the inclusive term
"luggage." The record supports the finding that a typical reasonable person would
have interpreted appellant's conduct as expressing consent to a search of all of his
luggage, not just the bag that was beside him at the time of the officers' request. We
overrule appellant's second point of error.Conclusion

 We affirm the trial court's order denying the motion to suppress.



 George C. Hanks, Jr.

 Justice

 


Panel consists of Justices Taft, Hanks, and Higley.


Do not publish. See Tex. R. App. P. 47.2(b).

1. Trial cause number 1013651 and appellate cause number 01-05-00997-CR.
2. Trial cause number 1010038 and appellate cause number 01-05-00996-CR.