Steven JACKSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 4–87–00120–CR.

Court of Appeals of Texas,
San Antonio.

Aug. 10, 1988.
Rehearing Denied Sept. 7, 1988.

Benjamin Walker, San Antonio, for appellant.

Fred G. Rodriguez, James Kapp, Jay Brandon, Michael L. Gebhart, Criminal Dist. Attys., San Antonio, for appellee.

Before REEVES, DIAL and CHAPA, JJ.

## OPINION

REEVES, Justice.

Appellant was convicted by a jury of driving while intoxicated. Punishment was assessed at thirty days in jail and an $800.00 fine. The jail sentence was probated for one year.

Appellant's points of error are summarized as follows: 1) the trial court's refusal to allow appellant to testify to an observation of a police officer that appellant appeared sober; 2) several comments made by the trial judge, in the jury's presence, on the weight of the evidence; and 3) the trial judge's restriction of each side to an unreasonably short time for final argument.

We first consider the trial court's refusal to permit appellant to testify to a statement allegedly made by the officer who administered the intoxilyzer test. The officer was asked during cross-examination if he remembered telling appellant that he did not look drunk. The officer replied that he could not recall having made that statement. He was then asked if it was possible that he could have expressed to any person a belief that appellant was not intoxicated. The officer answered no. During appellant's testimony, pertinent to the intoxilyzer test, he was asked by his attorney, Mr. Walker:

Q: Were any comments made to you relative to that reading?

A: Yes, there were.

Q: What comment was made and by whom?

A: The—

MR. KOPP (Assistant District Attorney): I'm going to object, Your Honor, That's hearsay.

THE COURT: Sustained.

MR. WALKER: Your Honor, the purpose of this is not for the fact of the matter. It's for the fact that the statement was made.

**84**

THE COURT: Sustained.

MR. WALKER: And we're—

THE COURT: I sustain the objection.

MR. WALKER: And we're also going to show that the person who made it is available to testify.

At Mr. Walker's request, the court granted a bill of exception. Outside the presence of the jury appellant testified that the officer told him:

'This is kind of unbelievable. You must drink a lot.' 'And a very heavy drinker.' And I [appellant] said, 'Why would you say that?' And he said, 'In fact, if I scored a 10 I wouldn't be walking around the room' And he said, 'And you just scored a 26.' And he said, "I have not observed you to even appear to be drunk.'

The testimony was reoffered by appellant and denied by the court.

Appellant argues that the testimony was admissible as a present sense impression and to impeach the officer's testimony that he made no such statement.

We agree that it was error for the trial court to exclude this testimony. The State contends the objection of appellant made in the trial court is inconsistent with his point of error on appeal. In the first place, it was the State that objected to proffered testimony of appellant as hearsay. Secondly, appellant informed the court the testimony was offered "not for the fact that the statement was made," and was cut-off by the trial court from finishing his explanation by again sustaining the State's objection. The testimony was admissible under TEX.R.CRIM.EVID. 612(a). Moreover, we are of the opinion that the court was adequately informed of the intended limited purpose of the tendered evidence.

■ Appellant alleges that the trial judge made at least seven impermissible comments on the weight to the evidence. The statement of facts, exclusive of voir dire, from pre-trial motion through argument to the jury consists of 233 pages. We quote from the statement of facts:

MR. WALKER: What was Steve doing to assist the young lady that he had hit?

A: Well, you know, first of all, he asked her if she were hurt. And, apparently, she said, 'No.' I wasn't there at that time. Then I asked her when I got there, and she said, 'No.' And both of us talked to her at one point about seeing a doctor, anyway, just to be checked out.

Q: Did Steve talk about that?

A: I believe so. Well, he and I were standing there together. I'm not sure whether I said it or he did. It was just sort of a conversation and—

THE COURT: Can we move on? This really isn't relevant.

MR. WALKER: Your Honor, I believe it is. I would object to the comment of the Court on the evidence.

THE COURT: Let's please proceed. I don't think the condition of the other woman is relevant to this case. Let's move on.

MR. WALKER: Could I object to—

THE COURT: This has already been covered. I want us to move on, please.

While appellant was on the stand, the following colloquy occurred in regard to his bloodshot eyes.

MR. WALKER: Could I ask you to do that? And pull your eyelids down so the jury can observe your eyes.

A: Yes.

MR. KOPP [prosecutor]: Judge, for what it's worth, we don't know the condition then as now.

THE COURT: That's right, and the jury knows that.

MR. KOPP: Thank you.

MR. WALKER: If you wouldn't mind pulling your eyelids down—Your Honor, I would like to object on—to the last comment of the Court as being a comment on the weight of the evidence.

THE COURT: Sustained.

MR. WALKER: And I'd like to ask—

THE COURT: But I intended it to do that. I mean, the jury knows that, you

know, this doesn't necessarily have to be—

MR. WALKER: I'd like to ask that the jury be instructed to disregard that. Can the jury be so instructed?

THE COURT: No. Let's move on.

MR. WALKER: Is that denied?

THE COURT: Yes.

TEX.CODE CRIM.PROC. ANN. art. 38.-05 (Vernon 1979) provides:

In ruling upon the admissibility of evidence, the judge shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible; nor shall he, at any stage of the proceeding previous to the return of the verdict, make any remark calculated to convey to the jury his opinion of the case.

The trial court here, in sustaining the objection to the court's own improper comment, must have realized her error. However, instead of correcting the error with a proper instruction as requested, she compounded the error by admitting before the jury that she "intended it to do that." Appellant's failure to request a mistrial appears reasonable under the circumstances, since a mistrial would not be granted in face of a denied instruction, and it would than appear to the jury that appellant was arguing with the court about the court's improper actions.

It is imperative that a trial judge show objectivity and impartiality in the trial of cases. The concepts of fairness and "justice for all" are tarnished when a judge strays from the role of mediator and becomes a participant. That, to a measured degree, is what a judge becomes when he or she comments on the weight of the evidence.

■ The evidence elicited as to the intoxication of appellant was overwhelming. The following is evidence favorable to support the conviction. *McGoldrick v. State,* 682 S.W.2d 573, 577 (Tex.Crim.App.1985). Shortly after 5:00 p.m. on December 6, 1985, appellant rear-ended a car driven by Julie Bartaskewitz as she was resuming travel after stopping for a traffic light at the corner of San Pedro and Shara, in San Antonio. Ms. Bartaskewitz's automobile was traveling at approximately 20 m.p.h. when it was hit by appellant's car. The day was clear and visibility good; the pavement of the street was dry. The damage to Ms. Bartaskewitz's car was severe and she was injured.

Three witnesses were of the opinion that the appellant was under the influence of alcohol at the time of the accident. The complainant, Julie Bartaskewitz, testified that he had a strong smell of alcohol, stumbled as he walked and appeared "very groggy." Sharee Bartaskewitz, complainant's sister, testified that she saw him staggering as he walked and had a strong smell of alcohol. Michael Hein, the police officer who investigated the accident, described appellant's condition as "very, very intoxicated, unsteady on his feet, wobbly, very slurred speech, bloodshot eyes, and extreme breath odor of alcohol." The officer stated appellant told him he had some vodka for breakfast, and beer, wine, and scotch and water during the day. Appellant took the intoxilyzer test some two to three hours after the accident and scored 0.26.

The charge to the jury provided, "A person is deemed to be 'intoxicated' when such person does not have the normal use of his physical or mental faculties by reason of the introduction of alcohol into the body, or he has an alcohol concentration of 0.10 or more." Appellant made no objection to the charge, either as to the sufficiency of the evidence needed to support its submission to the jury or because it failed to force the State to elect which theory of intoxication it wanted to present to the jury. *Ray v. State,* 749 S.W.2d 939, 942 (Tex.App.—San Antonio 1988, no pet.). The jury returned a general verdict of guilty.

In *Vasquez v. State,* 665 S.W.2d 484, 487 (Tex.Crim.App.1984), the Court held, in reviewing a sufficiency of the evidence question, that where there is sufficient evidence to support a conviction for one of two ways possible to commit an offense, an appellate court need not consider whether the evidence is sufficient to support the conviction

under both theories. Though not directly on point, *Vasquez'* rationale is helpful in determining whether the trial court's errors harmed appellant to the extent that reversal is required.

Appellant does not dispute the intoxilyzer test results. That evidence alone is sufficient to sustain appellant's conviction for driving while intoxicated because it was uncontroverted he had an alcohol concentration of more than 0.10. The improperly excluded evidence and the trial court's improper comments in front of the jury concerned the impeachment of the witness and appellant's appearance, which, in turn, only had to do with the question of whether he had the normal use of his physical and mental faculties. We conclude, therefore, that the trial court's errors made no contribution to appellant's conviction. TEX.R. APP.P. 81(b)(2).

Lastly, at another location in the statement of facts, we find the following comments:

MR. WALKER: When you arrived at the scene, you began your conversation with Julie; is that correct?

A: Yes. We wanted to make sure she was okay.

Q: And did she verbally state to you, when you initiated the conversation, her opinion that Mr. Jackson was intoxicated?

A: No, she did not.

Q: When did—at what point in time did she verbally express that opinion to you?

A: Myself and my husband noticed it right away, and she agreed with us, and we told her we believed that Mr. Jackson was intoxicated.

Q: So you initiated the verbal communication and not her?

MR. BRANDON [prosecutor]: Your Honor, I'm going to object again about the relevance—

THE COURT: Sustained.

MR. BRANDON: —and the repetition.

MR. WALKER: Judge, I don't think—

THE COURT: I really don't think this is relevant to this case. I would be surprised if they hadn't talked about it.

With regard to this last comment of the trial judge, appellant failed to preserve it for appellate review because he failed to object. TEX.R.APP.P. 52(a).

 Appellant's last point of error complains of the fifteen minute limitation of time allotted each side for final argument. Trial court's have broad discretion in regulating the duration of jury argument. *Moya v. State*, 691 S.W.2d 63, 65 (Tex.App. —San Antonio 1985, no pet.). Although there were eight witnesses in this case, the only contested issue was appellant's sobriety. We are of the opinion that there was no abuse of discretion in allotting fifteen minutes to each side.

The judgment of the trial court is affirmed.