**Floyd CLARK, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 05–93–00232–CR.

Court of Appeals of Texas, Dallas.

May 6, 1994.

Rehearing Denied June 20, 1994.

---

Gary A. Udashen, Dallas, for appellant.

Linda H. Green, Dallas, for appellee.

Before BAKER, BURNETT and ROSENBERG, JJ.

## OPINION

BURNETT, Justice.

Appellant Floyd Clark appeals his conviction for burglary of a building. The jury assessed an enhanced sentence of fifty years. Appellant contends that the trial court erred in telling the venire that the indictment alleged two prior felony convictions. We sustain appellant's point of error. We reverse the trial court's judgment and remand for further proceedings.

## FACTUAL AND PROCEDURAL HISTORY

Before the venire was seated in the courtroom, appellant objected to any mention by the State or the court that appellant had prior alleged convictions. The trial court overruled appellant's objection and granted a running objection to the mention of the second and third paragraphs of the indictment during voir dire.[1] The venire was then seated. During voir dire, the trial court made the following remarks:

> In this case there are two additional allegations and the allegations are that Mr. Clark has been previously convicted of felony offenses. And if those are proved, then the range of punishment changes. So what this means is if there are additional allegations, as there are in this case, the allegation is that Mr. Clark committed a felony offense, was convicted, and went to the penitentiary, got out of the penitentiary, committed another felony offense, was convicted and sent to the penitentiary, got out of the penitentiary and committed the burglary of a building that we are assuming that you have found him guilty of. *That is what those allegations mean, that he has been previously convicted on two occasions of felony offenses.*

(Emphasis added.) The jury found appellant guilty of burglary of a building, found the enhancement paragraphs to be true, and assessed a fifty-year sentence.

## ANALYSIS

In appellant's sole point of error, he contends that the trial court tainted the guilt-innocence phase of his trial by mentioning to the jury panel that he had two prior felony convictions. The State contends that the

---

1. The State does not argue that appellant failed to preserve error. The issue of preservation of error, like other arguments for or against a court's ruling, may be waived if not presented at the proper time. *See Tallant v. State,* 742 S.W.2d 292, 294 (Tex.Crim.App.1987); *Montgomery v. State,* 821 S.W.2d 314, 316–17 (Tex.App.—Dallas 1991, pet. ref'd).

trial court did not err because the jury was not informed of the specific offenses of which appellant was convicted.

### 1. Applicable Law

The trial judge shall maintain an attitude of impartiality throughout the trial. *Lagrone v. State,* 84 Tex.Crim. 609, 209 S.W. 411, 415 (1919). To the jury, the language and conduct of the trial court have a special and peculiar weight. *See Livingston v. State,* 782 S.W.2d 12, 14 (Tex.App.—Dallas 1989, pet. ref'd).

Article 38.05 of the code of criminal procedure provides that the trial court shall refrain from commenting on the weight of the evidence in the jury's presence during any stage of the proceeding. *See* TEX.CODE CRIM.PROC.ANN. art. 38.05 (Vernon Supp. 1994). The trial court should never "make any remark calculated to convey to the jury [its] opinion of the case." TEX.CODE CRIM. PROC.ANN. art. 38.05 (Vernon 1979). The trial court's comment constitutes reversible error if such comment is either reasonably calculated to benefit the State or to prejudice the defendant's right to a fair and impartial trial. *Sharpe v. State,* 648 S.W.2d 705, 706 (Tex.Crim.App.1983).

To determine whether the comment is either reasonably calculated to benefit the State or to prejudice the defendant, we must first examine whether the trial court's statement was material to the case. *Burge v. State,* 443 S.W.2d 720, 724 (Tex.Crim.App.), *cert. denied,* 396 U.S. 934, 90 S.Ct. 277, 24 L.Ed.2d 233 (1969). An issue is material if the jury had the same issue before it. *See Jackson v. State,* 548 S.W.2d 685, 695 (Tex. Crim.App.1977).

A trial court improperly comments on the weight of the evidence if it makes a statement that:

(1) implies approval of the State's argument, *Ward v. State,* 156 Tex.Crim. 472, 243 S.W.2d 695, 696–97 (1951);

(2) indicates any disbelief in the defense's position, *McClory v. State,* 510 S.W.2d 932, 934 (Tex.Crim.App.1974);

(3) diminishes the credibility of the defense's approach to its case, *see, e.g., Jackson v. State,* 756 S.W.2d 82, 85 (Tex.App.— San Antonio 1988), *rev'd on other grounds,* 772 S.W.2d 117 (Tex.Crim.App.1989).

We consider the consequences that probably resulted from the trial court's comments to determine whether the comments prejudiced the defendant's rights. *English v. State,* 85 Tex.Crim. 450, 213 S.W. 632, 635 (1919) (op. on reh'g). If we "determine beyond a reasonable doubt that the court's error made no contribution to the conviction," we hold the error harmless. *Tennison v. State,* 814 S.W.2d 484, 486 (Tex.App.—Waco 1991, no pet.).

### 2. Application of Law to Facts

At the time the statement was made to the venire, the jury was also being impaneled to assess punishment. We determine, therefore, that the trial court's comment was material to this case. *See Jackson,* 548 S.W.2d at 695.

We recognize that where the jury may be called upon to assess punishment, both the State and the defendant have a right to qualify the jury on the full range of punishment. *Bevill v. State,* 573 S.W.2d 781, 783 (Tex.Crim.App.1978); *Hunt v. State,* 852 S.W.2d 278, 281 (Tex.App.—Dallas 1993, no pet.). However, the trial court went beyond qualification and made an affirmative statement that appellant had been convicted of two prior felonies. The trial court's comment alerted the venire to the court's opinion on a fact issue raised by the evidence—that the allegations contained in the enhancement paragraphs actually meant that appellant had been convicted of those felonies. The jury's knowledge of appellant's prior convictions diminished the credibility of the defense's approach to its case. *See Jackson,* 756 S.W.2d at 85. The statement benefitted the State because it lessened its burden of proof regarding the enhancement paragraphs. The trial court improperly commented on the weight of the evidence. *See* TEX.CODE CRIM. PROC.ANN. art. 38.05 (Vernon 1979). Consequently, the trial court's comment prejudiced appellant's right to a fair and impartial trial. *See Sharpe,* 648 S.W.2d at 706. Therefore,

we hold that the trial court committed reversible error. We sustain point of error one.

We reverse the trial court's judgment and remand this cause for further proceedings.