Affirmed
and Memorandum Opinion filed September 10, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00433-CR

____________

 

RALPH ARNOLD JACKSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 177th
District Court

Harris County, Texas

Trial Court Cause No. 1129234

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Ralph Arnold Jackson, appeals
from his felony theft conviction for which he was sentenced to 15 years in
prison.  In his sole issue, appellant contends that the trial court committed
fundamental error by making an improper comment on the weight of the evidence
during voir dire.  We affirm.

BACKGROUND








Appellant was charged with theft of
property, namely cash money, under $1,500.  The theft charge was elevated from
a misdemeanor to felony third-offender theft with the inclusion of two
enhancement paragraphs alleging that appellant had been previously convicted of
felony theft on July 8, 2005 in the 351st District Court in cause number
1005119, and on June 3, 2003 in the 182nd District Court in cause number
930468.  A jury subsequently found appellant guilty of felony third-offender
theft and assessed punishment at 15 years in prison.

In his sole issue, appellant contends that
during voir dire, the trial court explained the jury charge in a way that (1)
lessened the State=s burden of proof at trial, (2) tainted
the appellant=s constitutional and statutory right to be presumed
innocent, and (3) resulted in an unfair and partial trial.

TRIAL COURT=S COMMENT

During voir dire, the trial court made the
following statements:

 . . .  Let me talk
about the case that he=s charged with. . . .  This is
called a theft, third offender, case.  And what it means is, I=m sure y=all know with a DWI, if you get a
DWI the first time, it=s a misdemeanor.  The second time,
it=s a misdemeanor.  Third time, you=re coming to felony court.  Because
you have been convicted twice before, it brings you to felony court.  

It=s the same way with thefts.  The legislature has decided that if
the State can prove you have been convicted two times before of a theft, even
if it=s, like, for 5 cents, even if it=s for $20, if you have been
convicted two times before and then commit another theft, you=re coming to felony court, not
misdemeanor court.

The trial court further explained that:

. . . [T]he State has
to prove to you beyond a reasonable doubt, one, that the new theft happened so
you=re convinced that the defendant is
guilty of the new theft.  And, two and three, that he=s been convicted two times before. 
They have to prove that to you beyond a reasonable doubt.

.             
.                . 

 








 . . . [T]hey have to go on to
prove to you that before this offense happened, on July 8th, 2005, in Cause No.
1005119 in the 351st of Harris County, Texas, the defendant was convicted of
the felony offense of theft.

And then they also have
to prove that in Cause No. 930468 in the 182nd District Court of Harris County,
Texas, the defendant was convicted of the felony offense of theft.

That=s what they have to prove to you.  If they
miss anything in the indictment, it=s a not guilty. .
. . [T]hey have to prove that he has these two prior convictions and that he is
the one that is convicted in these cause numbers.      

Appellant complains of the above bolded
statements, ABecause you have been convicted twice before, it
brings you to felony court,@ and A[I]f you have been
convicted two times before and then commit another theft, you=re coming to
felony court, not misdemeanor court.@  Appellant
contends that these comments equate to an affirmative assertion by the trial
court that appellant indeed had been twice previously convicted.  Appellant
argues that because it is the State=s burden to prove
the two prior convictions alleged in the underlying indictment, the trial court=s comments
regarding prior convictions: (1) violated article 38.05 of the Texas Code of
Criminal Procedure, which prohibits a judge from commenting on the weight of
the evidence or conveying a personal opinion about the case,[1]
(2) lessened the State=s burden of proof, (3) tainted his
constitutional and statutory right to be presumed innocent, and (4) resulted in
an unfair and partial trial.  In response, the State contends that appellant
has waived error by failing to object in the trial court.  Appellant
acknowledges on appeal that no objection was made below, but contends that this
issue is preserved for review because the trial court=s comments
constitute fundamental error.  








Without a contemporaneous objection, a
defendant generally waives error, and in that instant, a reviewing court may
only review fundamental error.  See Jasper v. State, 61 S.W.3d 413, 421
(Tex. Crim. App. 2001); Ganther v. State, 187 S.W.3d 641, 650 (Tex. App.CHouston [14th
Dist.] 2006, pet. ref=d); Tex. R. Evid. 103(d).  Because
appellant failed to object at trial, the comments must rise to the level of
fundamental error to be preserved for appeal.  To support his fundamental-error
argument, appellant relies primarily on Blue v. State.  41 S.W.3d 129
(Tex. Crim. App. 2000).  In Blue, a plurality of the Court of Criminal
Appeals held that the trial court=s comments
explaining to the jury that the defendant had attempted to enter into a plea
bargain with the State and that the trial court would have preferred a guilty
plea vitiated the presumption of innocence before the venire, constituting
fundamental error and, therefore, requiring no objection.  Id. at 132B33.  








The plurality opinion in Blue is
not binding precedent.  See Jasper, 61 S.W.3d at 421 (acknowledging Blue
as a plurality opinion that the court was not bound to follow).  However, even
if Blue were binding on this court, the trial court=s comments in this
case did not rise to such a level as those in Blue.  The comments in Blue
touched upon the core issue of a defendant=s guilt or
innocence.  See Blue, 41 S.W.3d at 132 (AA juror who hears
the judge say that he would have preferred that the defendant plead guilty
might assume that the judge knows something about the guilt of the defendant
that the juror does not.  Surely, no trial judge would want an innocent man to
plead guilty, no matter how much delay and expense he might be causing.@).  In contrast,
the trial court in this case properly laid out the manner in which a
misdemeanor theft offense was enhanced to a felony third-offender offense and
described the State=s burden in a felony third-offender case. 
Taken in context, the trial court explained to the venire that there must be an
allegation of two prior theft convictions to charge a defendant with felony
third-offender theft.  The trial court further explained that appellant was
guilty only if  the State proved beyond a reasonable doubt that appellant had
been previously convicted of the two prior felony thefts alleged in the
indictment and proved beyond a reasonable doubt that he had committed the
underlying theft offense.  These statements neither tainted appellant=s presumption of
innocence nor compromised the impartiality of the jury.  See Jasper, 61
S.W.3d at 421 (holding that, even under the reasoning of the Blue
plurality, the trial judge=s comments would not rise to the level of
fundamental error); Ganther, 187 S.W.3d at 650B51 (concluding
that, even if court of appeals were bound by the Blue plurality, the
trial judge=s comments during voir dire did not rise to the level
of tainting the presumption of innocence or vitiating the impartiality of the
jury).

  We reject appellant=s characterization
of the trial court=s comments and conclude from our review of
the record that none of the court=s complained-of
comments rise to the level of fundamental error obviating the need to object in
the trial court.  See  Jasper, 61 S.W.3d at 421; Ganther, 187
S.W.3d at 650B51.  Because appellant did not object to the trial
court=s comment and
because the alleged error was not fundamental error, appellant=s complaint is
forfeited.[2] 
See Jasper, 61 S.W.3d at 421.  We overrule appellant=s sole issue and
affirm the trial court=s judgment.

 

 

/s/      Adele
Hedges

Chief
Justice

 

 

Panel consists of Chief Justice Hedges and Justices Yates and Frost.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 









[1]  Article 38.05 provides:

 

In ruling upon the admissibility of evidence, the
judge shall not discuss or comment upon the weight of the same or its bearing
in the case, but shall simply decide whether or not it is admissible; nor shall
he, at any stage of the proceeding previous to the return of the verdict, make
any remark calculated to convey to the jury his opinion of the case.

 

Tex. Code Crim. Proc. art. 38.05.





[2]  Appellant also relies on Clark v. State.  878
S.W.2d 224 (Tex. App.CDallas 1994, no pet.).  Because we have found no
fundamental error in the instant case, requiring an objection to preserve
error, Clark is not applicable: the appellant in Clark properly
preserved error by raising objections in the trial court.  Id. at 225.